IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ERIKA KATRIN MEYER**, <br><br> Plaintiff, <br><br> v. <br><br> **FEDERAL BUREAU OF INVESTIGATION** and **CENTRAL INTELLIGENCE AGENCY**, <br><br> Defendants. | Case No. 3:22-cv-1779-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff Erika Katrin Meyer is a self-represented, or *pro se*, litigant who brings this case against the Federal Bureau of Investigation (FBI) and the Central Intelligence Agency (CIA). Plaintiff alleges that the FBI and CIA are using biomedical devices, including devices implanted in Plaintiff's teeth and throughout her head and neck and in her home, to surveil her, emit radioactive material, and emit wireless frequencies that harm Plaintiff and her pets. Plaintiff asserts claims alleging violations of her rights under several Oregon criminal laws, her Fourth

Amendment right under the U.S. Constitution to be free from unlawful search and seizure, and her Fifth Amendment right under the U.S. Constitution to due process.[1]

After filing her complaint, Plaintiff filed a "Motion to Amend Complaint for Injunction to Include Temporary Restraining Order" (ECF 4), which the Court construes as a motion for a temporary restraining order (TRO). She also moved to proceed *in forma pauperis* (ECF 3). The Court grants Plaintiff's application to proceed *in forma pauperis*, but finds that even under the liberal pleading standards afforded a pro se plaintiff, Plaintiff fails to state a claim upon which relief may be granted. Accordingly, for the reasons stated below, the Court dismisses this case.

## A. Legal Standards

Congress established that when a complaint is filed by a plaintiff proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the Court determines that" the action is: (1) "frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought

---

[1] In her motion for a temporary restraining order (TRO), Plaintiff describes her claims as including claims under the First Amendment protection of freedom of speech, Eighth Amendment protection from cruel and unusual punishment, and Fourteenth Amendment protections against deprivations of life, liberty, and property without due process. These claims are not alleged in her complaint. Even assuming her motion for TRO is intended to amend her complaint to assert such claims, Meyer fails to state a claim. The Fourteenth Amendment applies to state actors and she fails to allege any injury by a state actor. Her Eighth and First Amendment claims fail because they are against the agencies in general and constitutional claims against a federal agency can be brought only against federal officials in their individual capacities pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). She does not name any federal officer in his or her official capacity, nor does she describe a claim that is accepted under *Bivens*, which the Supreme Court has narrowly construed. *See Egbert v. Boule*, 213 L. Ed. 2d 54, 142 S. Ct. 1793, 1803-04 (2022). Plaintiff may not "enjoin official action" under a *Bivens* claim because it would be "barred by the doctrine of sovereign immunity." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) ("[T]he Supreme Court has refused to extend *Bivens* remedies from individuals to agencies.").

by self-represented litigants and litigants proceeding *in forma pauperis* raise cognizable claims. *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (noting that "section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners"); *Preciado v. Salas*, 2014 WL 127710, at *1 (E.D. Cal. Jan. 14, 2014) ("The Court is required to screen complaints brought by plaintiffs proceeding *pro se* and *in forma pauperis*.").

A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). The term "frivolous," when used to describe a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325.

A complaint fails to state a claim when there is no cognizable legal theory or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But to be entitled to a presumption of truth, the complaint must do more than simply allege legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying

factual allegations must "*plausibly* suggest an entitlement to relief." *Id.* (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Self-represented, or *pro se* plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). But even a *pro se* plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

B. Analysis

Plaintiff's claims under Oregon's criminal statutes fail. First, the FBI and CIA are not required to enforce Oregon's criminal statutes. The FBI enforces federal law. The CIA does not enforce law domestically. Second, a plaintiff does not have a constitutional right to, or, in fact, any judicially cognizable or enforceable interest in, the criminal prosecution or non-prosecution of another person. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). "The benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause,

PAGE 4 – ORDER

neither in its procedural nor in its 'substantive' manifestations." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005).

Plaintiff's constitutional claims against the FBI and CIA also fail. The United States and its agencies have sovereign immunity in federal court unless that immunity is waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The United States "may waive its sovereign immunity, but any waiver must be unequivocally expressed in statutory text and will not be implied." *Ordonez v. United States*, 680 F.3d 1135, 1138 (9th Cir. 2012) (citation and quotation marks omitted). The "waiver of sovereign immunity is a prerequisite to federal-court jurisdiction." *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011). Plaintiff does not allege facts from which the Court can construe any basis for waiver of sovereign immunity.

Liberally construing Plaintiff's complaint, the Court considers three possible sources of a waiver of sovereign immunity. First, in the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680, Congress waived "the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). A claimant may not bring an action in federal court pursuant to the FTCA's waiver of sovereign immunity, however, until the claimant has exhausted the FTCA's administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Plaintiff does not plausibly allege any individual federal employee committed a tort, nor does Plaintiff allege that she exhausted the FTCA's administrative remedies. *See* 28 U.S.C. § 2675(a) (a party may not bring an action against United States unless the party first presents the claim to the appropriate federal agency); *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995) (the FTCA "administrative claim prerequisite is jurisdictional").

PAGE 5 – ORDER

Second, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), a plaintiff may bring certain narrow claims against federal officials in their individual capacities. *See Egbert v. Boule*, 213 L. Ed. 2d 54, 142 S. Ct. 1793, 1803-04 (2022). A plaintiff may not, however, "enjoin official action" under *Bivens*. *See* n.1, *supra*. Plaintiff fails to allege any claim against a federal officer in his or her individual capacity.

Finally, under § 702 of the Administrative Procedure Act (APA), 5 U.S.C. § 702, the federal government waived sovereign immunity for final agency action. Plaintiff, however, does not allege facts showing any final agency action as that term is used in the APA. Thus, Plaintiff's constitutional claims are not cognizable.

Even if the Court had jurisdiction, Plaintiff's claims fail on the merits. Plaintiff alleges that the FBI and CIA have implanted biomedical devices in Plaintiff's body and home, have tampered with physical files in her house, have tampered with files on her computer and external hard drives, have tampered with her accounts maintained on the cloud, have surveilled her computer, house, phone, and text messages, and that the FBI and CIA's technology controls thoughts and behavior. Plaintiff asserts that these alleged bioweapons have caused her extreme physical injury, injured her pets, and killed her husband. The Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that a complaint may properly be dismissed *sua sponte* if the allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible"); *Nietzke*, 490 U.S. at 327 (explaining that a court may dismiss a complaint *sua sponte* that contains "claims describing fantastic or delusional scenarios"); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th

Cir. 1988) (holding that a district court may *sua sponte* dismiss for failure to state a claim without notice or an opportunity to respond when the plaintiff cannot possibly win relief). Plaintiff's claims are not plausible. They fail to state a claim and are "frivolous," "fanciful," "fantastic," and "delusional" as those terms are used under § 1915. *See Ayres v. Obama*, 2013 WL 5754953, at *2 (D. Haw. Oct. 22, 2013) (concluding that allegations that FBI implanted biochips in the plaintiff and her family to turn them into "a living vegetable or a New World Order slave" were "so 'fantastic' and 'fanciful' as to be clearly baseless"); *cf. Bivolarevic v. U.S. CIA*, 2010 WL 890147, at *1-2 (N.D. Cal. Mar. 8, 2010) (concluding that the court lacked subject matter jurisdiction due to "essentially fictitious, obviously frivolous" claims that CIA subjected plaintiff to a "satellite powered" "mind-altering mechanism" using "microwave technology" as a "mind control weapon").

Although the Court is skeptical that Plaintiff can cure the deficiencies identified in this Order and both allege jurisdiction (by alleging a waiver of sovereign immunity) and sufficiently state a claim on the merits, the Court will allow Plaintiff the opportunity to file an amended complaint if she believes she can do so. Plaintiff, however, may not replead her claims under state criminal law.

## C. Temporary Restraining Order

Plaintiff moves for a TRO enjoining the FBI and CIA from continuing to use the alleged bioweapons and their alleged surveillance activities and evidence destruction relating to Plaintiff. Because the Court dismisses Plaintiff's Complaint, the Court denies Plaintiff's motion for a TRO as moot.

## D. Conclusion

The Court GRANTS Plaintiff's application to proceed *in forma pauperis*, ECF 3. Plaintiff's Complaint (ECF 1) is DISMISSED as frivolous and for failure to state a claim upon

PAGE 7 – ORDER

which relief may be granted. The Court DENIES AS MOOT Plaintiff's motion for TRO (ECF 4). Plaintiff may file an amended complaint on or before December 30, 2022, if Plaintiff believes she can cure the deficiencies identified in this Order.

**IT IS SO ORDERED.**

DATED this 29th day of November, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
