IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ERIKA KATRIN MEYER**, | Case No. 3:22-cv-1779-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **FEDERAL BUREAU OF INVESTIGATION** and **CENTRAL INTELLIGENCE AGENCY**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Erika Katrin Meyer is a self-represented, or *pro se*, litigant who brings this case against the Federal Bureau of Investigation (FBI) and the Central Intelligence Agency (CIA). Plaintiff alleges that the FBI and CIA are using implanted biomedical devices to harm her and her pets and family members. She also alleges that the FBI and CIA surveil Plaintiff and destroy her property, including data from her computer and stored on the cloud.

On November 14, 2022, Plaintiff filed her Complaint, which included a request for injunctive relief. On November 22, 2022, she filed a motion for a temporary restraining order. On November 29, 2022, the Court *sua sponte* dismissed Plaintiff's Complaint, identifying the deficiencies and granting Plaintiff leave to amend if she believed she could cure the deficiencies.

The Court denied as moot Plaintiff's motion for temporary restraining order. On December 30, 2022, Plaintiff filed an "Amended Motion for a Temporary Restraining Order." ECF 6. Construing Plaintiff's filing liberally, the Court construes this filing along with Plaintiff's original complaint as Plaintiff's Amended Complaint.

Plaintiff contends that she is adding more factual allegations to cure the deficiencies identified by the Court. Plaintiff, however, fails to cure the deficiencies to allege facts sufficient to state a plausible claim. Most of the additional facts she alleges are not related to *her* alleged claims. For example, she alleges that the FBI has a history of violating citizens' civil rights and discusses other incidents unrelated to her claims. The new facts that she alleges that are related to her claims do not have plausible inferences. *See Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) ("The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." (quotation marks omitted)). For example, she alleges that because the FBI did not respond to her complaint that the agency implanted biomedical devices that were harming her, her pets, and her family members, that is evidence that the agency must have implanted the devices, or because Defendants have access to technology they must have the type of technology she alleges is harming her and must be using it against her. The inferential leaps required from these allegations do not meet the plausibility standard.

The Court construes Plaintiff's Amended Motion for Temporary Restraining Order, ECF 6, as also containing Plaintiff's Amended Complaint. The Court *sua sponte* DISMISSES the Amended Complaint under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted and DENIES AS MOOT Plaintiff's Amended Motion for Temporary Restraining Order, ECF 6. Because the Court previously provided Plaintiff with the opportunity

to cure the deficiencies in her Complaint and she was unable to do so, the Court dismisses the Amended Complaint without leave to amend. The Court further finds that any appeal from this Order would be frivolous and thus would not be taken in "good faith" as that term is used in 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, Plaintiff's *in forma pauperis* status should be revoked.

**IT IS SO ORDERED.**

DATED this 6th day of January, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER